OPINION OF THE COURT

Per Curiam.

Petitioner Teachers Association seeks in this proceeding to have confirmed an arbitration award under its collective bargaining agreement with respondent School District. The award would forbid assignment of specialist teachers outside their area of specialty. Special Term refused to confirm the *899 award, but the Appellate Division unanimously reversed and granted the petition. The School District appeals.
Only one issue merits discussion. The School District contends that the arbitrator’s award was violative of public policy because it would restrict the control of the board of education over the educational program of the district.
There should be an affirmance. Incantations of "public policy” may not be advanced to overturn every arbitration award that impairs the flexibility of management of a school district. Every collective bargaining agreement involves some relinquishment of educational control by a school district. Only when the award contravenes a strong public policy, almost invariably involving an important constitutional or statutory duty or responsibility, may it be set aside. Such a strong public policy does not exist in this case.
Article XXXIII of the collective bargaining agreement between the parties provided: "The Association and the Board recognize that an adequate number of competent specialists is essential to the operation of an effective educational program. In consideration of this, both parties agree that every effort should be made to provide the District with the necessary specialists. There shall be no reduction in the number of specialist teachers employed by the School District during this contract, provided there is no decrease in enrollment.” There was no decrease in enrollment. The district did not reduce the number of specialist teachers. Instead, the district assigned four specialist teachers to subject areas outside their specialty, thus effectively reducing the volume of specialty instruction. The Teachers Association invoked the multistep grievance procedure, and the matter in due course proceeded to arbitration, the School District never having sought a stay or objected that the dispute was not arbitrable.
The arbitrator found the district’s reassignment of specialists to be a violation of the collective bargaining agreement. Upon petition to confirm the award, however, the district argued that article XXXIII of the agreement was illegal as violative of public policy, and hence not subject to arbitration. Special Term dismissed this contention, but denied confirmation of the award on the ground that the arbitrator’s interpretation of the disputed article was "contradictory to the plain meaning of the article”. The Appellate Division reversed and granted the petition.
It is established law that absent clear prohibitions derived *900 from constitution, statute, or common-law principles, arbitration under the terms of a collective bargaining agreement is a permissible forum for resolving disputes between a board of education and a teachers association (Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers’ Assn.], 37 NY2d 614, 616-617). Of course, there are some duties or responsibilities so important that a school district will not be permitted to delegate them or to bargain them away. As to these matters, arbitrators may not alter the responsibilities vested by law in the board of education (see, e.g., Board of Educ. v Areman, 41 NY2d 527, 532-533; Matter of Cohoes City-School Dist. v Cohoes Teachers Assn., 40 NY2d 774, 776-777). Arbitration is forbidden not because matters of public interest are involved, but because statutes require that the decisions be made by educational authorities (Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411, 422-423 [concurring opn]).
In the Susquehanna case, rejected was the argument that staff size was within the board’s exclusive prerogative, and therefore not arbitrable (Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers’ Assn.], 37 NY2d 614, 616-618, supra).
The clause now in dispute is not materially different. As interpreted by the arbitrator, the clause required the district to maintain an agreed upon level of specialist services. The School District certainly had the power to conclude that such services were necessary, and to agree to maintain them for the period of the collective bargaining agreement. No strong public policy however derived, is violated by such a provision in a short-term collective bargaining agreement (see Matter of Port Washington Cent. School Dist. v Port Washington Teachers Assn., 45 NY2d 411, 424-425 [concurring opn], supra; but cf. Matter of Board of Educ. v Yonkers Federation of Teachers, 40 NY2d 268, 275). Given the nature of an arbitration award, not reviewable for errors of law or fact, the award was not vulnerable (Matter of Associated Teachers of Huntington v Board of Educ., 33 NY2d 229, 235).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, *901 Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.