**KENAI PENINSULA EDUCATION ASSOCIATION and Margaret Simon, Appellants,**

v.

**KENAI PENINSULA BOROUGH SCHOOL DISTRICT, Appellee.**

**No. 5219.**

Supreme Court of Alaska.

May 22, 1981.

John R. Strachan, John B. Patterson, Anchorage, for appellants.

Allen McGrath, Graham & James, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

During the fall of 1978, the administration of Kenai Central High School required the librarian to supervise fifty-eight driver's education students over a four period day in the school library. Supervision was required because the driver's education cars did not arrive on time. When the cars did arrive all students had completed their classroom instruction and both driver's education teachers attended to behind-the-wheel instruction to keep the class on schedule. Those students who were not with the driver's education teacher were sent to the library.

The librarian filed a grievance to protest the fact that she alone of the fifty-two staff members was required to assume this extra supervisory duty. The Association proceeded to take the grievance to arbitration. The District sued to enjoin the arbitration and the trial court granted the injunction. The question presented to this court is whether the librarian is entitled to have this question submitted to binding arbitration.

The agreement between the Kenai Peninsula Borough School District [District] and the Kenai Peninsula Education Association [Association] provides "grievances alleging a violation, misinterpretation or misapplication" of the agreement are to be settled through binding arbitration. Grievances "alleging a violation, misinterpretation or misapplication of School Board policy"

should be aired before the School Board, but not arbitrated. The agreement contained a provision which stated:

440 *Non-Professional Duties*

The Board and Association acknowledge that a teacher's primary responsibility is to create a good learning environment and teaching energies should be utilized to this end.

If it is necessary that a teacher supervise activities, such duties shall be equitably distributed among the available school staff.

The District contends that, under this court's decision in *Kenai Peninsula Borough School District v. Kenai Peninsula Education Association*, 572 P.2d 416 (Alaska 1977), relief from non-professional chores is a non-negotiable item, and, therefore, that this grievance is not arbitrable. The Association claims that it is entitled to arbitrate claims that non-professional duties have been inequitably allocated. We agree with the District.

If an issue is not subject to negotiation it is not subject to binding arbitration.[1] In *Kenai Peninsula Borough School District v. Kenai Peninsula Education Association*, 572 P.2d at 423, we ruled that relief from non-professional chores was a non-negotiable issue. The non-professional duties before us in that case included supervision of students. *Id.* at 424 n. 11. Section 440, insofar as it attempts to limit the exercise of the administration's prerogative over the allocation of non-professional chores, is thus non-negotiable. Therefore this case was not arbitrable and the arbitration was properly enjoined.

AFFIRMED.

1. *Berkshire Hills Regional School Dist. Comm. v. Berkshire Hills Educ. Ass'n*, 375 Mass. 522, 377 N.E.2d 940, 941 (Mass.1978); *Ridgefield Park Educ. Ass'n v. Ridgefield Park Bd. of Educ.*, 78 N.J. 144, 393 A.2d 278, 286 (N.J. 1978); *Port Jefferson Station Teachers Ass'n v. Brookhaven-Comsewoque Union Free School Dist.*, 45 N.Y.2d 898, 411 N.Y.S.2d 1, 383 N.E.2d 553, 554 (N.Y.1978).

In *Kenai Peninsula Borough School Dist. v. Kenai Peninsula Educ. Ass'n*, 572 P.2d 416, 419–21 (Alaska 1977), we held that the statute allowing teachers the right to negotiate is to be construed so as not to include bargaining on matters of educational policy. To allow such bargaining raised the danger that control over educational policy could be effectively transferred from the school board to the union over a series of contracts and thus undermine the ability of elective officials to perform their duties in the public interest. This danger would be equally present if matters of educational policy were allowed to go to arbitration. Thus, the realm of what is arbitrable is bounded by the limits of what is negotiable.