OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the award confirmed.
 

 The city concedes, and we agree, that subdivision b of section 1173-4.3 of the Administrative Code of the City of New York (Collective Bargaining Law) does not proscribe permissive bargaining of management prerogatives such as the “personnel by which government operations are to be conducted” but argues that by including in its contract with UFA the job description of a full-duty fireman it did not agree to bargain in that respect. The difficulty with that argument is that the effect of inclusion in the job description was the issue submitted to the arbitrator and his award (enjoining use of civilian inspection employees in fire department districts) can only be overturned if it is contrary to law or if “without engaging in extended fact-finding or legal analysis * * * [the court can] conclude that public policy precludes its enforcement”
 
 (Matter of Sprinzen [Nomberg],
 
 46 NY2d 623, 631). Neither subdivision a of
 
 *959
 
 section 487 of the City Charter nor subdivision b of section 1173-4.3 of the Collective Bargaining Law declares a public policy which is beyond waiver and the arbitrator having ruled that the city did waive, his ruling, even if erroneous, is not irrational and, therefore, is binding on the city with respect to the present contract
 
 (Rochester City School Dist. v Rochester Teachers Assn.,
 
 41 NY2d 578, 582).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur in memorandum.
 

 Order reversed, etc.