■ In the Matter of GLENN BLUMBERG, Respondent, v METEOR INDUSTRIES, INC., et al., Appellants. — In a proceeding pursuant to CPLR article 75 to confirm an arbitrator's award, the appeals are from (1) an order of the Supreme Court, Nassau County (Lockman, J.), dated May 13, 1983, which granted the application to confirm, denied appellants' cross motion to disaffirm, and directed that judgment be entered in petitioner's favor pursuant to the award, and (2) a judgment of the same court, dated June 3, 1983, entered pursuant to the aforesaid order.

Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed, without costs or disbursements.

We find appellants' arguments to be without merit. With respect to appellants' contention that the arbitrator acted improperly in selecting the date of valuation for petitioner's stock, we note the following language from the recent Court of Appeals decision in *Matter of Silverman (Benmor Coats)* (61 NY2d 299, 307-309):

"[A]ny limitation upon the power of the arbitrator must be set forth as part of the arbitration clause itself, for to infer a limitation from the substantive clause calling for arbitration of

all disputes arising out of the contract * * * is to involve the courts in the merits of the dispute — interpretation of the contract's provisions — in violation of the legislative mandate * * *

"[A]bsent provision in the arbitration clause itself, an arbitrator is not bound by principles of substantive law or by rules of evidence * * * He may do justice as he sees it * * * making an award reflecting the spirit rather than the letter of the agreement * * * His award will not be vacated even though the court concludes that his interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power".

Since the award is neither violative of a strong public policy nor totally irrational, and the arbitrator did not exceed a specifically enumerated limitation on his power, the award was properly confirmed (see *Matter of Albany County Sheriff's Local 775 v County of Albany,* 63 NY2d 654; *Matter of Turner [Booth Mem. Hosp.],* 63 NY2d 633). Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.