■ In the Matter of EAST RAMAPO CENTRAL SCHOOL DIS-

TRICT, Respondent, v EAST RAMAPO TEACHERS ASSOCIATION, Appellant.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the East Ramapo Teachers Association appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated December 7, 1984, which granted the application and denied its cross application to confirm the award.

Order reversed, on the law, with costs, application denied, and cross application to confirm granted.

The East Ramapo Teachers Association filed a grievance, claiming that by changing the first school day of the 1982-1983 year from a half to a full day of student attendance, the school district had violated their collective bargaining agreement and caused the teachers to work beyond their normal work day. The arbitrator determined that article VIII, paragraph B of the agreement, providing that the 1982-1983 calendar be "in the same form and structure" as the 1976-1977 calendar, was violated by the school district's action. Even if his determination constituted an erroneous construction of the agreement, it cannot be said to have been irrational. Therefore the determination must be allowed to stand (see, Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582).

Although a violation of strong public policy may serve to warrant the setting aside of an arbitration award (see, Matter of Sprinzen [Nomberg], 46 NY2d 623, 629-630), the remedy awarded here violates no such policy. It was determined, not irrationally, that the teachers found it necessary to work beyond their normal workday in order to prepare to provide meaningful instruction as required, as well as to handle administrative tasks. When we accept that determination, we must permit the arbitrator to effect a remedy that will compensate the teachers. Such compensation is for extra work performed, and is therefore not a gift of public money. "[A]n arbitrator may 'grant any relief reasonably fitting and necessary to a final determination of the matter submitted to him' " (Matter of North Colonie Cent. School Dist. [North Colonie Teachers' Assn.], 60 AD2d 496, 498, affd 46 NY2d 965, quoting from Pavilion Cent. School Dist. v Pavilion Faculty Assn., 51 AD2d 119, 123, lv dismissed 40 NY2d 845). Mollen, P. J., Lazer and Eiber, JJ., concur.

Thompson and Niehoff, JJ., dissent and vote to affirm the order for reasons stated by Justice Stolarik at Special Term.