■ In the Matter of the Arbitration between PATRICIA FALLON, as President of the Johnstown Teachers' Association, Respondent, and GREATER JOHNSTOWN SCHOOL DISTRICT, Appellant.—Levine, J. Appeal from an order and judgment of the Supreme Court at Special Term (Dier, J.), entered December 13, 1984 in Fulton County, which, inter alia, granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

Johnstown Teachers' Association of Fulton County and respondent entered into a collective bargaining agreement which established, inter alia, a grievance procedure culminating in binding arbitration. Subsequently, a dispute arose over the clause in the agreement concerning health insurance coverage for unit members whose spouses were also covered by health plans. The clause at issue stated that: "Each participating teacher and post retiree will stipulate that he/she will not carry a double health plan if the husband or wife works elsewhere where such plan is in force". The parties' conflict concerned the meaning of the words "such plan". That issue was submitted to an arbitrator who determined that the clause excluded health insurance coverage only for employees who were covered under a spouse's plan which provided benefits at least equivalent to those provided by respondent's plan. The parties then executed a memorandum of agreement concerning the dispute, agreeing therein to submit another question to the arbitrator, to wit, whether the enforcement of the subject clause constituted unlawful discrimination on the basis of marital status. The arbitrator found that the insur-

ance provision did so discriminate in contravention of New York's Human Rights Law *(see,* Executive Law § 296 [1] [a]). Denoting his determination an interim award, the arbitrator retained jurisdiction for 60 days in order to fashion a remedy if the parties could not agree on one. Such agreement was not reached, nor was the arbitrator's jurisdiction invoked within the 60-day period.

Petitioner subsequently sought to have the award confirmed. Respondent cross-moved to vacate the award on the grounds that (1) it constituted an advisory opinion which could not be confirmed, and (2) it encompassed a nonarbitrable issue of public policy. Special Term confirmed the award and this appeal by respondent ensued. We now reverse.

Arbitration is a favored and efficacious method of dispute resolution whereby parties select a nonjudicial forum for the expeditious and economical determination of their conflicts. Accordingly, the law has adopted a policy of noninterference regarding the arbitration process unless one of the narrow statutory grounds for vacating an award exists (CPLR 7511 [b]). However, the courts have fashioned an equally narrow common-law exception to the general rule of noninterference when the issue submitted directly involves, or the award thereon directly conflicts with, a strong public policy " 'amounting to gross illegality or its equivalent', generally to be found in a 'readily identifiable source in the statutes or common-law principles' " *(Matter of Board of Educ. [McGinnis],* 100 AD2d 330, 333, quoting *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411, 422 [Breitel, Ch. J., concurring]). The pertinent rationale for the public policy exception is the possibility of inconsistent decisions by arbitrators, who are not bound by law, on matters of important public concern, resulting in adverse consequences for the public in general *(Matter of Aimcee Wholesale Corp. [Tomar Prods.],* 21 NY2d 621, 627). Even then, because of the general policy favoring arbitration, the conflict with public policy must appear on the face of the submission or award without requiring extended fact finding or legal analysis *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631). At the very least, the public policy issue must be inextricably intertwined with the issue submitted *(Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., supra,* pp 417-418).

In the instant case, the issue submitted to the arbitrator on its face involves nothing other than whether the insurance provision as previously construed violates the Human Rights

Law. It has already been authoritatively established that substantive rights against discrimination in employment represent a strong public policy and hence disputes necessarily entailing a determination of the existence of such rights or a violation thereof must be resolved in an appropriate legal forum *(Matter of Wertheim & Co. v Halpert,* 48 NY2d 681, 683; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 183-184; *Harris v Iannaccone,* 107 AD2d 429, 430-431). Since the sole issue submitted to the arbitrator was whether the clause of the collective bargaining agreement in question discriminated on the basis of marital status *(see,* Executive Law § 296 [1] [a]), the conclusion is inescapable that public policy requires the issue to be determined in the courts or before the State Division of Human Rights. That the parties' collective bargaining agreement may have contemplated submitting such issues to an arbitrator is not relevant, for "the broadest of arbitration agreements cannot oust our courts from their role in the enforcement of major State policies, especially those embodied in statutory form" *(Matter of Aimcee Wholesale Corp. [Tomar Prods.], supra,* p 629; *see, City of New York v Uniformed Firefighters Assn.,* 87 AD2d 255, 261 [Silverman, J., concurring], *revd on other grounds* 58 NY2d 957).* Consequently, the award must be vacated.

Order and judgment reversed, on the law, with costs, motion denied, cross motion granted and arbitration award vacated. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.