■ In the Matter of the GRACE PLAZA OF GREAT NECK, INC.,

Appellant, v DORIS TURNER, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered August 11, 1986, which denied its petition to vacate the award, and granted the respondent's cross petition to confirm the award.

Ordered that the judgment is affirmed, with costs.

An arbitration award must be sustained if it is neither violative of a strong public policy nor totally irrational, and if the arbitrator did not exceed a specifically enumerated limitation of his or her power pursuant to CPLR 7511 (b) *(see, Matter of Albany County Sheriff's Local 775 [County of Albany],* 63 NY2d 654; *Matter of Turner [Booth Mem. Hosp.],* 63 NY2d 633; *Matter of County of Suffolk v Suffolk County Local 852,* 125 AD2d 395; *Matter of Blumberg v Meteor Indus.,* 104 AD2d 410, *lv denied* 64 NY2d 603). Accordingly, the arbitrator's determination that the discharge of the grievant, Minette Prince, from her employment with the appellant should be converted to a suspension without pay must be confirmed. Although the arbitrator found that the grievant had committed acts of patient abuse *(see,* 10 NYCRR 81.1), she nonetheless determined that discharge was not the appropriate remedy. In making this determination, the arbitrator properly considered various mitigating factors such as the grievant's record of over 10 years of service, satisfactory job performance evaluations over three successive years (1983, 1984 and 1985), and the fact that this was an isolated incident in which there was no injury to the patient. Moreover, the arbitrator concluded that while the grievant's behavior could not be condoned, the particular abusive acts with which the grievant was charged consisted solely of "placing her fingers on [a patient's] forehead and push[ing] it back", and speaking to the patient "in a loud voice". In this regard we note the distinction between the circumstances of the instant matter and *Matter of Ford v Civil Serv. Employees Assn.* (94 AD2d 262, *lv dismissed* 62 NY2d 799), where the court was faced with a situation in which a mental hygiene therapy aide had sexually abused a female patient. Under those circumstances, the court was clearly justified in vacating the arbitration award on the ground that "the arbitrator exceeded his power and made an irrational award in violation of 'a public policy which is beyond waiver' " *(Matter of Ford v Civil Serv. Employees Assn., supra,* at 266, quoting from *City of New York v Uniformed Firefighters Assn.,* 58 NY2d 957, 959). However, it is well established that the courts will not intervene in the

arbitration process for reasons of public policy unless the policy " 'prohibit[s], in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator' " *(Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.],* 65 NY2d 677, 678, quoting from *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631; *see, Binghamton Civil Serv. Forum v City of Binghamton,* 44 NY2d 23; *Matter of New York City Health & Hosps. Corp. [District Council 37],* Sup Ct, NY County, Nov. 14, 1985, Fingerhood, J.).

Upon a review of the instant record, it cannot be said that the penalty imposed by the arbitrator was so irrational or against the public policy of this State so as to mandate its being vacated and set aside. Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.