■ In the Matter of BOARD OF EDUCATION OF THE MT. SINAI UNION FREE SCHOOL DISTRICT, Appellant, v MT. SINAI TEACHERS' ASSOCIATION, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 15, 1986, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Abrams, J.), dated January 28, 1987, which confirmed the arbitration award and dismissed the proceeding on the merits.

Ordered that the order and judgment is affirmed, with costs.

The record reveals that the parties entered into a three-year collective bargaining agreement covering the period from July 1, 1983 through June 30, 1986, which provided in pertinent part as follows:

"Effective September 1974 all credits will be accepted for movement on the salary scale. However, any in-service credits earned prior shall not be retroactive. Teachers must consult with the Superintendent of Schools prior to enrolling for any courses for which they wish to receive salary increments * * *

"Any grievance * * * which is not settled through the grievance procedure, may be submitted to arbitration * * *

"The arbitrator shall be limited to ruling on the breach, interpretation or the application of the terms of this agreement. The arbitrator shall have no power to add to, subtract from or modify any of the terms of this agreement".

On February 3, 1985, a member of the respondent Mt. Sinai Teachers' Association submitted a "Course Review Request" form to the Superintendent of Schools of the Mount Sinai Union Free School District indicating that she planned to register to take a course in personal and public relations for which she would seek an increase in salary. The Superintendent of Schools did not approve the course for movement on the salary scale. The respondent subsequently demanded arbi-

tration, contending that the aforementioned teacher had properly consulted with the Superintendent in accordance with the terms of the collective bargaining agreement and was therefore entitled to have the course credits accepted for movement on the salary scale. The respondent further maintained that the Superintendent had no authority under the agreement to approve or disapprove of individual courses. On May 15, 1986, the arbitrator rendered an award sustaining the respondent's grievance and concluding that the petitioner had violated the agreement by asserting the authority to approve or disapprove of courses.

The petitioner subsequently commenced this proceeding to vacate the award on the grounds that the arbitrator had exceeded his authority and that the award was contrary to law and in derogation of strong public policy concerns. The Supreme Court, Suffolk County, confirmed the arbitrator's award and dismissed the proceeding on the merits. We affirm.

Pursuant to CPLR 7511 (b) (1) (iii) and applicable decisional law, it is clear that a party who participates in an arbitration may only seek vacatur of the arbitrator's award on the grounds that "it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308; *see, Matter of Local Div. 1179 [Green Bus Lines]*, 50 NY2d 1007, *rearg denied* 51 NY2d 770; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623). Under the circumstances presented herein, it cannot be said that the arbitrator's interpretation of the term "consult" as found in the agreement is totally irrational. Indeed, the record demonstrates that the arbitrator merely construed the term according to its plain meaning and declined to read into the contract a requirement that the Superintendent's approval was necessary in order for course credits to be used for movement on the salary scale. Likewise, there is no evidence that the arbitrator exceeded any specific limitation upon his powers, for he was expressly authorized to rule on matters of contract interpretation, and his award did not add to, subtract from, or modify the terms of the parties' agreement.

Similarly unavailing is the petitioner's contention that the award is contrary to law and strong public policy. While the authorities upon which the petitioner relies suggest that public policy favors control by the Superintendent over matters of teacher qualifications and educational standards (*see, e.g.,* Education Law § 1709 [5], [32], [33]; § 1711 [5] [b], [c], [e], [f]), the petitioner has failed to demonstrate the manner in

which the arbitrator's award will adversely impact upon this policy. Indeed, the award focuses upon the interpretation of a salary provision in the collective bargaining agreement which concerns neither the certification of educators nor the maintenance and improvement of academic standards. Hence, the petitioner has not established that public policy absolutely prohibits the arbitrator's granting of the relief challenged herein *(see, Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.]*, 65 NY2d 677; *Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.*, 45 NY2d 898; *Matter of Grace Plaza v Turner*, 130 AD2d 746). Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.