■ In the Matter of STATE UNIVERSITY OF NEW YORK et al., Respondents, v DAVID YOUNG et al., Appellants.—In a proceeding pursuant to CPLR article 75 to vacate so much of an arbitrator's award as imposed upon David Young the penalty of a two-month suspension from his employment as a Registered Respiratory Therapist, David Young and United Univer-

sity Professions appeal from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered August 4, 1989, which vacated that part of the award and remitted the matter to a different arbitrator for a new determination as to an appropriate penalty.

Ordered that the judgment is affirmed, with costs.

The appellant David Young was discharged from his employment as a registered respiratory therapist at University Hospital of the State University of New York, Health Science Center at Brooklyn, as a result of his having used the same syringe to draw blood from several critically ill patients after being warned several times of the dangers of that practice. He thereafter availed himself of the arbitration procedure provided for in the collective bargaining agreement with the State University of New York. After a hearing the arbitrator determined that Young's conduct constituted a serious "breach of aseptic technique * * * in violation of mandated Hospital Procedure", which jeopardized the health of patients already in grave medical condition. Nonetheless, the arbitrator concluded that, given the fact that Young had been employed by the hospital for some eight years without other examples of violations of professional performance, discharge was inappropriate. Instead, the arbitrator imposed a penalty of two months suspension without pay. The State University of New York thereupon commenced this proceeding to vacate so much of the arbitrator's award as imposed that penalty, as violative of the State's strong public policy to protect and care for its patients, particularly those who are unable to care for themselves. The Supreme Court concluded that the lesser penalty imposed by the arbitrator did, in fact, violate that public policy, and vacated that portion of the arbitrator's award. Young and the union of which he is a member appeal, and we affirm.

"An arbitration award must be sustained if it is neither violative of a strong public policy nor totally irrational, and if the arbitrator did not exceed a specifically enumerated limitation of his or her power pursuant to CPLR 7511 (b)" *(Matter of Grace Plaza v Turner,* 130 AD2d 746, 747). Here, as the Supreme Court correctly concluded, the arbitrator's determination that the penalty of discharge was inappropriate did violate the State's strong public policy of providing high quality, efficient, and effective hospital services *(see,* Public Health Law § 2800) which meet generally accepted standards of professional medical practice *(see,* 10 NYCRR 405.7, 405.14 [b]) in a clean, safe, and sanitary environment *(see,* 10 NYCRR

405.7 [b] [3]; 405.11). This is particularly so in view of the fact that the incident involved was not an isolated one and that Young continued to engage in this potentially life-threatening conduct after he was repeatedly instructed to desist *(see, Matter of Ford v Civil Serv. Employee Assn.,* 94 AD2d 262; *cf., Matter of Grace Plaza v Turner,* 130 AD2d 746, *supra).* Thus, the Supreme Court did not err in vacating so much of the arbitrator's award as reduced the penalty imposed by the petitioners from discharge to a two-month suspension. Brown, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.