■ In the Matter of MICHAEL FORD, as Director of Manhattan Psychiatric Center, Appellant, v PUBLIC EMPLOYEES FEDERATION et al., Respondents.—Order and judgment (one paper) Supreme Court, New York County (Irma V. Santaella, J.), entered February 13, 1990, which denied petitioner's application to vacate that part of the award of arbitrator John Sands, dated October 3, 1988, which declined to impose any disciplinary penalty upon respondent Dr. Albert Greenwood and which further granted the cross-motion of the respondents Greenwood and Public Employees Federation confirming the award of the arbitrator and awarding reasonable attorney's

fees to the respondent Greenwood, is unanimously reversed, on the law and the facts, to the extent appealed from, and the matter is remanded for assignment to a different arbitrator for the imposition of an appropriate penalty, without costs.

The issue here is whether an arbitrator's decision refusing to impose any sanctions upon a doctor following findings of incompetence and misconduct was irrational and against public policy. We find that the decision was both irrational and against public policy. Accordingly, we reverse and remand for further proceedings before a different arbitrator.

Respondent Greenwood was employed at the Manhattan Psychiatric Center beginning in 1977. He had the responsibility of a ward of forty patients. In April 1982 respondent Greenwood was served with a notice of discipline which contained six charges with specifications. Pursuant to Article 33 of the collective bargaining agreement between Manhattan Psychiatric Center and the Public Employees Federation, respondent filed a grievance which led to an arbitration proceeding. By agreement the following issues were submitted to the arbitrator on November 11, 1982:

1. Are any of the charges true which are contained in a Notice of Discipline in evidence as Joint Exhibit 1?

2. If so, is the proposed penalty of discharge appropriate?

3. If not, what appropriate penalty, if any, may be imposed.

Following testimony which lasted until 1986, the arbitrator, John Sands, found that Manhattan Psychiatric Center had not sustained its burden of establishing the following charges and specifications:

1. Charge I, Specifications 1, 2, 3 and 4.

Failure to recognize, and/or diagnose and treat documented diabetes in patient AM from December 1980 until her death in October 1981. Failure to recognize, and/or diagnose and treat a urinary tract infection in patient AM from September 1981 until her death in October 1981.

2. Charge VI, Specifications 1, 2, 3 and 4.

Subjecting patients PD, JS, DL and VH to a polypharmacy regimen in 1981.

The arbitrator also found that the following charges and specifications had been established:

1. Charge I, Specifications 5, 6 and 7.

(5) Failure to recognize and/or diagnose documented syphilis in patient DH from February 1981 to December 1981.

(6) Failure to treat documented syphilis in patient DH from February 1981 to December 1981.

(7) Failure to treat documented syphilis in patient SC from March 17, 1981 to October 16, 1981.

2. Charge II, Specifications 1, 2, 3, 4 and 5.

Failure to provide adequate documentation of the progress and treatment of patients PD, DH, DL, VH and DJ in 1981.

3. Charge III, Specifications 1 and 2.

Discharging patients JS and MG in October and September 1981, respectively, but failing to take Lithium levels in advance or otherwise insure a correct or safe dosage had been prescribed.

4. Charge IV, Specifications 2 and 3 (there is no Specification numbered 1).

Failure to establish appropriate dosage levels for patients JS and MG in their discharge plans in October and September 1981, respectively, even though Lithium was prescribed.

5. Charge V, Specification 1.

On August 11, 1981 attempting to deceive patient DJ into taking medication which respondent had prescribed but which the patient had refused to take.

Despite the several findings sustaining the charges of incompetence and misconduct, the arbitrator declined to impose any penalty. He did so while concluding there was no "just cause" for disciplinary sanctions under the collective bargaining agreement. The report stated in part: "There is reason to believe, and, on balance, I so conclude, that facility management pursued these charges against Dr. Greenwood to cast him as a single scape-goat for the lapses of many and to cover up the responsibility of others for a patient death."

The petitioner then brought this proceeding to vacate that part of the arbitrator's decision which declined to impose any sanctions on respondent. The IAS court agreed with the respondent and denied the petition.

We conclude that it was error to refuse to impose any sanction upon respondent given the several findings of incompetence and misconduct. Such a conclusion is irrational and violative of public policy. (Mental Hygiene Law § 33.03 [a]; *Matter of Ford v Civil Serv. Employees Assn.,* 94 AD2d 262 [1983], *lv dismissed* 62 NY2d 799 [1984]; *Matter of State Univ. v Young,* 170 AD2d 510 [1991].) Thus, section 33.03 (a) of the Mental Hygiene Law reads as follows: "Each patient in a facility and each person receiving services for mental disabil-

ity shall receive care and treatment that is suited to his needs and skillfully, safely, and humanely administered with full respect for his dignity and personal integrity."

It goes without saying that to the extent respondent failed to administer care as found by the above specifications, he violated the public policy of the State as embodied in Mental Hygiene Law § 33.03 (a). Moreover, the provision in Article 33 of the collective bargaining agreement which stated that, "Discipline shall be imposed only for just cause", cannot be interpreted to contravene the public policy of the State.

The decision here is consistent with other decisions requiring appropriate sanctions for misconduct or incompetent health care. Thus in *Matter of Ford v Civil Serv. Employees Assn. (supra)*, this court reversed as inadequate a sanction of only two months' suspension for an employee of a State psychiatric center who had engaged in sexual intercourse with a female mental patient. In *Matter of State Univ. v Young (supra)*, the Second Department found inadequate a two-month suspension for a respiratory therapist who had on several occasions employed the same syringe to draw blood from critically ill patients.

Accordingly, a remand is appropriate. Concur—Rosenberger, J. P., Ellerin, Wallach, Ross and Smith, JJ.