■ In the Matter of LOCAL 342, LONG ISLAND PUBLIC SERVICE EMPLOYEES, Appellant, v TOWN OF HUNTINGTON (DEPARTMENT OF HIGHWAYS), Respondent. [600 NYS2d 124] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Leis, J.), entered May 16, 1991, which vacated the arbitration award, and dismissed the petition.

Ordered that the judgment is reversed, on the law, with costs, and the arbitration award is reinstated and is confirmed in its entirety.

Where a dispute has been arbitrated pursuant to a broad arbitration agreement between the parties, the resulting award may not be vacated unless it is violative of a strong public policy, is totally irrational, or clearly exceeds a specifically-enumerated limitation on the arbitrator's power *(see, Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit],* 70 NY2d 907; *Matter of State Univ. v Young,* 170 AD2d 510, *cert denied* — US —, 113 S Ct 815). In the present case, the plain language of the collective bargaining agreement supported the arbitrator's conclusion that the Town of Huntington Superintendent of Highways could not reduce the "scheduled overtime" hours to which the Town of Huntington Department of Highways forepersons were entitled, without the consent of the petitioner union. Even if the arbitrator's interpretation of the agreement was erroneous, it was clearly not irrational *(see, Matter of East Ramapo Cent. School Dist. v East Ramapo Teachers Assn.,* 116 AD2d 645, *affd* 69 NY2d 630). We also find unpersuasive the Town's assertion that the arbitrator's decision and award violated a strong public policy. The Town of Huntington Department of Highways was free to exercise its authority over the setting of work hours and schedules through the collective bargaining process, and cannot be said to have bargained this authority away under the facts of this case, especially given the short-term nature of the agreement in question *(see, Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.,* 45 NY2d 898; *cf., Board of Educ. v Areman,* 41 NY2d 527; *Matter of Meehan v Nassau Community Coll.,* 152 AD2d 313).

The Town's contention that the award of back wages amounted to the imposition of punitive damages is without merit. The record demonstrates that the arbitrator fashioned an appropriate remedy which was intended to compensate the grievants for the overtime wages improperly denied them, and not to punish the Town of Huntington Department of Highways for its breach of the agreement *(see, Board of Educ. v Niagara-Wheatfield Teachers Assn.,* 46 NY2d 553, 558; *Weidman v Fuchsberg,* 177 AD2d 342, 345; *Matter of Trudeau [South Colonie Cent. School Dist.],* 135 AD2d 150, 154, *affd* 73 NY2d 736). Sullivan, J. P., Lawrence, Eiber and Ritter, JJ., concur.