■ In the Matter of the Arbitration between DEBORAH RECORE, Appellant, and CHATEAUGAY CENTRAL SCHOOL DISTRICT, Respondent. [681 NYS2d 621] —Cardona, P. J. Appeal from an order of the Supreme Court (Demarest, J.), entered September 29, 1997 in Franklin County, which, *inter alia*, denied petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

Petitioner is employed by respondent as a teacher's aide. At all times relevant to this appeal, she was represented by the Civil Service Employees Association Inc., Local 1000, AFSCME, AFL-CIO (hereinafter CSEA) under a collective bargaining agreement providing for arbitration of grievances. In February 1995, petitioner applied to fill a vacancy in the position of kindergarten aide. Respondent hired another applicant to fill the position prompting petitioner to file a grievance in March 1995. Following a hearing, the matter was decided by arbitrator Walter Donnaruma who ruled that respondent should have utilized senority as the primary consideration in selecting a candidate for the position and remitted the matter to respondent for reconsideration of petitioner's qualifications. After reconsideration, respondent reaffirmed its original decision.

During the pendency of the first grievance, petitioner applied

for appointment to a second vacancy as a kindergarten aide. Respondent selected a different applicant and, in September 1995, petitioner filed another grievance. Following Donnaruma's decision on the first grievance, respondent voluntarily reconsidered petitioner's qualifications in connection with the new vacancy; however, it reaffirmed its initial decision choosing another applicant. Following a hearing on the second grievance, arbitrator Michael Lewandowski noted that seniority was the primary criteria for selecting a candidate under the collective bargaining agreement where the skills and abilities of the candidates were "relatively equal". He ruled that respondent had violated the collective bargaining agreement. Accordingly, an award was rendered ordering respondent to appoint petitioner to the position.

When respondent failed to comply with the terms of the award, petitioner filed the instant petition seeking to confirm it. Respondent moved, *inter alia*, to vacate the award and petitioner cross-moved for permission to file a late notice of claim under Education Law § 3813. Upon finding that the arbitrator failed to apply the language of the collective bargaining agreement and improperly inserted the word "relatively" before the word "equal" in interpreting the language governing the criteria for selecting applicants, Supreme Court, *inter alia*, granted respondent's motion to vacate the award. Petitioner appeals.

Initially, we note that the grounds for vacating an arbitration award are very limited. An award will be vacated only where "it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909; *see, Matter of Local 342, Long Is. Pub. Serv. Empls. v Town of Huntington [Dept. of Highways]*, 195 AD2d 467, 468). Significantly, absent a provision in the arbitration clause to the contrary, an arbitrator is not bound by principles of substantive law or the rules of evidence and may do justice by making an award reflective of the spirit rather than the letter of the parties' agreement (*see, Matter of Blumberg v Meteor Indus.*, 104 AD2d 410, 411, *lv denied* 64 NY2d 603). Consequently, an arbitrator's interpretation of the parties' agreement may "disregard 'the apparent, or even the plain, meaning of the words' of the contract before him and still be impervious to challenge in the courts" (*Matter of Albany County Sheriff's Local 775 [County of Albany]*, 63 NY2d 654, 656, quoting *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582).

The contract provision at issue in the case at hand, entitled "Vacancies and New Job Openings", provides, in pertinent part, as follows: "For the purpose of filling vacancies or new job openings in the bargaining unit [respondent] shall consider both the applicant's seniority and his/her skills and abilities. Seniority shall be the determining factor when in the sole judgment of [respondent] the affected applicants' skills and abilities are equal." Supreme Court vacated arbitrator Lewandowski's award based upon his insertion of the word "relatively" before "equal" in the above provision. In our view, given the considerable discretion afforded arbitrators in interpreting contract language (*see generally, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307-309), that was an insufficient basis to invalidate the award.

Nevertheless, our review of the substantive provisions of the award discloses defects which do, in fact, render it irrational. Supreme Court acknowledged that Lewandowski failed to recognize that the first grievance was a separate and distinct arbitration. We note that the award makes reference to petitioner's first grievance, arbitrator Donnaruma's disposition of the same, his direction that respondent reconsider petitioner's qualifications and respondent's action upon reconsideration. There is no discussion, however, of petitioner's application for the second vacancy which culminated in the filing of the grievance that actually was before arbitrator Lewandowski nor the evidence adduced at the hearing with respect to petitioner's and the chosen candidate's qualifications for this position. Indeed, it appears as if arbitrator Lewandowski based his disposition on the outcome of the first grievance before arbitrator Donnaruma.

Therefore, we conclude that Supreme Court properly granted respondent's motion to vacate the award. However, inasmuch as the disposition leaves the controversy unresolved, a rehearing should be ordered (*see, East Ramapo Cent. School Dist. v East Ramapo Teachers Assn.*, 108 AD2d 717) and the matter is remitted to Supreme Court for that determination pursuant to CPLR 7511 (d). Lastly, insofar as petitioner notified respondent of her grievance as required by the collective bargaining agreement, we need not address Supreme Court's denial of her cross motion to file a late notice of claim.

Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to petitioner, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.