■ In the Matter of the Arbitration between STATE UNIVERSITY OF NEW YORK HEALTH SCIENCE CENTER, Respondent, and PUBLIC EMPLOYEES FEDERATION, AFL-CIO, on Behalf of DOUGLAS PETROFF, Appellant. [682 NYS2d 752] —Order and judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 75 proceeding to vacate that portion of an arbitrator's award that imposed upon Douglas Petroff the penalty of a one-year suspension without pay from his employment as a registered nurse in the neurosurgical intensive care unit at petitioner's hospital. Supreme Court vacated the award and remitted the matter to a different arbitrator for further proceedings consistent with its determination that the failure to terminate Petroff from his employment because of his deliberate abuse of a patient is inconsistent with "the public policy of providing high quality, efficient and effective hospital services." We reverse.

After a lengthy hearing, the arbitrator found that Petroff's

use of obscene language in referring to a co-worker "is correctable through the application of progressive discipline." The arbitrator also found that, in the course of applying noxious stimuli to check the neurological reactions of a postsurgical patient, Petroff abused the patient by applying such pressure to the patient's right toe that the bed shook for three or four seconds. The arbitrator noted that patient abuse was a serious form of misconduct that, in certain circumstances not present here, justified dismissal from employment. The arbitrator concluded that, based on the work record and years of service of Petroff, the nature and severity of his conduct and the absence of any injury to the patient, the penalty of a one-year suspension without pay constituted adequate discipline. "[I]t is well established that the courts will not intervene in the arbitration process for reasons of public policy unless the policy ' "prohibit[s], in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator" ' " (*Matter of Grace Plaza v Turner*, 130 AD2d 746, 747-748, quoting *Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.]*, 65 NY2d 677, 678). We conclude that the arbitrator properly recognized the serious nature of the misconduct and imposed a penalty consistent with public policy for an isolated and momentary act of intentional abuse that did not result in injury to the patient (*see, Cabrini Med. Ctr. v Local 1199, Drug, Hosp. & Health Care Empls. Union*, 731 F Supp 612; *Matter of Grace Plaza v Turner, supra*, at 748). (Appeal from Order and Judgment of Supreme Court, Onondaga County, Mordue, J.—Arbitration.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.