■ In the Matter of the Arbitration between TROY POLICE BENEVOLENT AND PROTECTIVE ASSOCIATION, INC., Respondent, and CITY OF TROY, Appellant. [707 NYS2d 265] —Crew III, J. Appeal from an order and judgment of the Supreme Court (Canfield, J.), entered February 8, 1999 in Rensselaer County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

In 1993 petitioner, the exclusive bargaining representative for certain police officers in the City of Troy, Rensselaer County, and respondent entered into a collective bargaining agreement.

Insofar as is relevant to this appeal, article X.1.A of the agreement provided that "[s]chedules relating to days off and normal duty hours in effect on January 1, 1977, shall continue unchanged unless mutually agreed upon, or for temporary periods in the event of [certain emergency situations]". Additionally, pursuant to article XXIX.10 of the agreement, wages, hours and all other conditions of employment legally in effect at the execution thereof were to be maintained, with no reduction in benefits as the result of the execution of the agreement.

In December 1997 respondent, through its Mayor, Mark Pattison, instituted a new policy denying all requests for certain forms of leave that were not made 72 hours in advance. Previously, requests for leave submitted on less than 72 hours' notice were committed to the discretion of the command staff. Following the denial of an individual officer's request for leave, petitioner filed a class action grievance, which was denied. Petitioner thereafter demanded arbitration and the matter proceeded to a hearing.

After considering the testimony offered by the parties' respective witnesses, the arbitrator found that the discretion previously afforded to command staff to grant or deny leave requests made with less than 72 hours' notice constituted a "past practice" and, therefore, respondent's removal of such discretion and the institution of a blanket policy denying such leaves violated articles X.1.A and XXIX.10 of the parties' agreement. Accordingly, petitioner's grievance was sustained and respondent was directed to, *inter alia*, restore the former practice.

Petitioner thereafter commenced this proceeding pursuant to CPLR 7510 to confirm the arbitrator's award, and respondent moved to vacate the award pursuant to CPLR 7511. Finding that respondent had failed to demonstrate that the arbitrator had exceeded her authority or that the resulting award was either violative of public policy, irrational or arbitrary and capricious, Supreme Court granted the petition and denied respondent's motion. This appeal by respondent ensued.

We affirm. We begin our analysis by restating the well-settled principle that an arbitration "award may not be vacated unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909). Our power to intervene in this regard is even more restricted where, as here, the arbitrator resolves the entire dispute, as opposed to simply addressing one aspect of it (*see,*

*Matter of Cohoes Police Officers Union [City of Cohoes]*, 263 AD2d 652, 653).

In order for this Court to vacate the underlying award on policy grounds, we "must be able to examine [the] arbitration agreement or [the] award on its face, without engaging in extended factfinding or legal analysis, and conclude that public policy precludes its enforcement" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631). Stated another way, vacatur of the award at issue would require this Court to conclude that the agreement or the award itself "directly conflicts with * * * a strong public policy ' "amounting to gross illegality or its equivalent," generally to be found in a "readily identifiable source in the statutes or common-law principles" ' " (*Matter of Fallon [Greater Johnstown School Dist.]*, 118 AD2d 936, 937, *lv denied* 68 NY2d 603, quoting *Matter of Board of Educ. [McGinnis]*, 100 AD2d 330, 333, quoting *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411, 422 [Breitel, Ch. J., concurring]). That standard has not been met here. Even a cursory review of the general statutory provisions relied upon by respondent reveals no direct conflict between, or gross illegality existing in, the arbitrator's award.

As for respondent's assertion that the underlying award is irrational or arbitrary and capricious, the crux of respondent's argument on this point is that there is insufficient evidence to support the arbitrator's finding of a "past practice". Respondent's argument, however, overlooks the fact that "it is not the function of this [c]ourt to 'second-guess' the factual findings made or legal conclusions reached by the arbitrator" (*Matter of New York State Law Enforcement Officers Union [State of New York]*, 255 AD2d 54, 58, *affd sub nom. Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321). Upon considering all of the evidence, the arbitrator found that the exercise of discretion by command staff in granting or denying leave requests submitted on less than 72 hours' notice was "well established, repeated and customary * * * [and] occurred over a substantial amount of time", thereby constituting a past practice; her findings in this regard will not be disturbed. We have examined respondent's remaining contentions, including its assertion that the arbitrator exceeded the scope of her authority, and find them to be lacking in merit.

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order and judgment is affirmed, without costs.