In the Matter of Estate of EUGENE BARON, Deceased, Respondent, v HARLEY-DAVIDSON OF SUFFOLK, INC., Appellant. [941 NYS2d 855]—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 5, 2009, Harley-Davidson of Suffolk, Inc., appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Whelan, J.), dated October 2, 2010, which granted the petition and denied its motion to vacate the award.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court properly granted the petition to confirm an arbitration award and denied its motion to vacate the award. A court may vacate an arbitral award where "strong and well-defined policy considerations embodied in constitutional, statutory or common law prohibit . . . certain relief from being granted by an arbitrator" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 327 [1999]; *see Matter of Jaidan Indus. v M.A. Angeliades, Inc.*, 97 NY2d 659 [2001]). A court cannot vacate an arbitration award on public policy grounds when vague or attenuated considerations of a general public interest are at stake (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d at 327). Courts are to direct the focus of their inquiry to the result, that is, the award itself (*id.*). Specifically, the court "must be able to examine [the] arbitration . . . award on its face, without engaging in extended factfinding or legal analysis, and conclude that public policy precludes its enforcement" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631 [1979]; *see Matter of New York State Nurses Assn. [Mount Sinai Hosp.]*, 275 AD2d 538, 540 [2000]; *Matter of Troy Police Benevolent & Protective Assn. [City of Troy]*, 271 AD2d 926, 928 [2000]). In this case, the appellant failed to demonstrate that the award, on its face, contravened public policy. Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.