In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Eli Blachman appeals from an order of the Supreme Court, Kings County (Schack, J.), dated July 30, 2012, which denied his motion to dismiss the proceeding and impose a sanction on the petitioners, and granted the petitioners’ application for leave to serve and file an amended petition deleting Aaron Minkowitz as a petitioner and instead demanding a judgment in favor of the petitioner Menachem Gansburg only.
Ordered that on the Court’s own motion, the notice of appeal from so much of the order as granted the petitioners’ application for leave to serve and file an amended petition is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is affirmed; and it is further,
Ordered that one bill of costs is awarded to the petitioners.
The parties voluntarily proceeded to arbitration by agreement. The evidence before the arbitrators indicated that, although the petitioner Menachem Gansburg was a licensed real estate broker, the petitioner Aaron Minkowitz was not. However, the question of whether Gansburg should be denied a real estate broker’s commission because Minkowitz was not licensed was not raised at the arbitration proceeding. The arbitration award directed the appellant to pay Gansburg and Minkowitz a real estate commission in the sum of $67,500.
The appellants commenced the instant proceeding to confirm the arbitration award, and the appellant moved to dismiss the proceeding and impose a sanction on the petitioners, alleging that the arbitration award was void “as the underlying dispute involves an illegal agreement between the Petitioners to split a *936 real estate brokerage commission between a licensed real estate broker and a non-broker,” in violation of Real Property Law § 442 and public policy. The order appealed from denied the appellant’s motion to dismiss the proceeding and impose a sanction on the petitioners, and granted the petitioners’ application for leave to serve and file an amended petition deleting Minkowitz as a petitioner and instead demanding a judgment in favor of Gansburg only.
Since no responsive pleading had been served at the time the petition was amended, the amendment could have been made as a matter of right (see CPLR 3025 [a]; Johnson v Spence, 286 AD2d 481, 483 [2001]; STS Mgt. Dev. v New York State Dept. of Taxation & Fin., 254 AD2d 409, 410 [1998]). In any event, the petitioners obtained leave of the court, which “shall be freely given upon such terms as may be just” (CPLR 3025 [b]).
A proceeding to enforce an arbitration award may be denied on the ground that the arbitration award is “violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation” of power (Matter of Silverman [Benmor Coats], 61 NY2d 299, 308 [1984]). In order to find that an arbitration award may not be enforced because it violates public policy, “ ‘the courts must be able to examine an arbitration agreement or an award on its face without engaging in extended factfinding or legal analysis, and conclude that public policy precludes its enforcement’ ” (Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 7 [2002], quoting Matter of Sprinzen [Nomberg], 46 NY2d 623, 631 [1979]; see Matter of Estate of Baron v Harley-Davidson of Suffolk, Inc., 94 AD3d 885 [2012]; Matter of DiNapoli v Peak Automotive, Inc., 34 AD3d 674, 675 [2006]; Matter of Kuchar v Baker, 261 AD2d 402, 403 [1999])
There is no indication that the appellant’s allegation of an illegal fee-splitting agreement between Gandburg and Minkowitz was supported by evidence submitted to the arbitrators (see Matter of Hirsch Constr. Corp. [Cooper], 181 AD2d 52 [1992]). Further, the arbitration award does not violate public policy on its face.
The appellant’s remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the appellant’s motion to dismiss the proceeding and impose a sanction on the petitioners, and properly granted the petitioners’ application for leave to serve and file an amended petition deleting Aaron Minkowitz as a petitioner and instead demanding a judgment in favor of the petitioner Menachem Gansburg only. Angiolillo, J.E, Dickerson, Austin and Hinds-Radix, JJ., concur.