■ In the Matter of the Arbitration between STATE OF NEW YORK (DIVISION FOR YOUTH), Appellant, and CHARLES MAYS et al., Respondents. [625 NYS2d 356] —Yesawich Jr., J. Appeals (1) from that part of an order of the Supreme Court (Spain, J.), entered May 2, 1994 in Rensselaer County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award, (2) from the judgment entered thereon, and (3) from those parts of an amended order of said court, entered June 9, 1994 in Rensselaer County, which denied petitioner's application to vacate the same arbitration award and granted respondents' application to confirm the award.

In October 1992, respondent Charles Mays, a Youth Recre-

ation Specialist I at petitioner's Masten Park Secure Center, was charged with having physically abused one of the youths under his care, suspended from his position and informed that petitioner proposed to discharge him. Mays filed a grievance contesting the propriety of the disciplinary actions taken against him and the matter proceeded to arbitration in accordance with the terms of the relevant collective bargaining agreement. The arbitrator found that because the suspension had been implemented and the termination ordered before Mays was afforded an opportunity to explain the events giving rise to the charges, neither disciplinary sanction had been imposed for "just cause". Directed to reinstate Mays with full back pay, petitioner moved in Supreme Court for an order vacating the arbitration award. That application was ultimately denied and the award was confirmed, and petitioner appeals.

Petitioner maintains that by establishing a requirement that an accused employee be questioned before discipline may be imposed, the arbitrator violated an explicit contractual prohibition against adding to, subtracting from or modifying the terms of the bargaining agreement (see, Matter of State of New York [Department of Correctional Servs.] [Council 82, AFSCME], 176 AD2d 1009, 1010-1011, lv denied 79 NY2d 756). A reading of the arbitrator's opinion, however, reveals that he did not indicate that questioning of the suspected wrongdoer is compulsory in every situation, but merely made a factual finding that in this case, given the conflicting testimonial accounts of the events from which the charges arose, petitioner could not have had "just cause" for imposing discipline before evaluating Mays' description of the incident. Inasmuch as the contract neither defines "just cause" nor states unambiguously that the extent of petitioner's investigation may not, under any circumstances, have any bearing upon a finding that just cause exists for the imposition of discipline, the arbitrator's finding in this regard neither added to nor subtracted from the clear terms of the agreement.

Moreover, having stipulated that the questions before the arbitrator were whether the notice of discharge was issued "for just cause" and whether the suspension was "proper under the contract"—matters which depend in large measure upon the meaning to be ascribed to the contractual terms "just cause" and "probable cause"—it ill-befits petitioner to now argue that the arbitrator exceeded his authority by interpreting these aspects of the contract, for to resolve the questions submitted to him it was necessary for the arbitrator

to decide what these terms mean *(cf., Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 583). We also reject petitioner's claim that the arbitration should have been limited to questions of guilt or innocence. That argument ignores the explicit contractual provision empowering the arbitrator to determine not only guilt, innocence and the appropriateness of a penalty, but also "probable cause for suspension" and "failure to follow the procedural provisions" of the contract. And, the arbitrator's holding that the terms "just cause" and "probable cause" encompass procedural as well as substantive elements, being by no means irrational, does not warrant judicial interference *(see, e.g., Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308; *Central Sq. Teachers Assn. v Board of Educ.,* 52 NY2d 918, 919).

Nor is there merit to petitioner's contention that the award must be vacated as contrary to public policy. Petitioner urges, in this regard, that because the award effectively "[writes] the emergency procedure"—the provision permitting suspension prior to issuance of a notice of discipline—"out of the collective bargaining agreement", it prevents petitioner from meeting its statutory obligation to protect the children entrusted to its care from abuse and maltreatment *(see,* Executive Law § 501 [12] [f]). That statute requires only that petitioner undertake those preventive or remedial actions that are "consistent with appropriate collective bargaining agreements", thus expressly recognizing that petitioner's discretion in this regard is not unfettered *(cf., Matter of Town of Harverstraw [Rockland County Patrolmen's Benevolent Assn.],* 65 NY2d 677, 678; *Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.,* 45 NY2d 898, 899-900).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order, judgment and amended order are affirmed, with costs.