■ In the Matter of the Arbitration between NEW YORK STATE NURSES ASSOCIATION et al., Respondents, and MOUNT SINAI HOSPITAL, Appellant. [712 NYS2d 200] —Graffeo, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 11, 1999 in Albany County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

This appeal involves a challenge to the propriety of an arbitration award in an employee disciplinary matter involving petitioner Barbara Tomasino, a registered nurse employed in the labor and delivery unit of respondent for approximately 25 years. The complaint against Tomasino, which ultimately led to her discharge, stemmed from the treatment of a patient who was in extreme pain after having given birth to twins. When the nurse who was ordered by the chief resident to administer the drug Demerol to the patient was unable to remove the drug from the medication dispenser, she left the unit to obtain the medication elsewhere. In the meantime, the patient

continued to complain of excruciating pain. It is undisputed that, while the other nurse was absent, Tomasino obtained morphine from the medication dispensing machine and gave the patient three injections at 15-minute intervals. When the other nurse returned to the unit and discovered that Tomasino had dispensed morphine and left the drug on an unlocked shelf, she lodged a complaint against Tomasino.

As a result of its investigation, respondent determined that Tomasino had violated hospital rules by administering medication without a prior doctor's order, failing to properly secure the morphine tubex after dispensing the medication, and falsely stating at what time she had administered the doses of medication in medical records. Tomasino was suspended on July 12, 1996 and subsequently discharged. Petitioner New York State Nurses Association (hereinafter NYSNA) timely grieved her discharge and the matter was submitted to arbitration pursuant to the parties' collective bargaining agreement (hereinafter CBA). The parties submitted the following issue to the arbitrator: "Did the Employer have just cause to suspend and subsequently discharge the Grievant, Barbara Tomasino, on July 12, 1996? If not, what shall be the remedy?"

At the arbitration hearing, Tomasino asserted that prior to medicating the patient, she consulted with the attending anesthesiologist who ordered her to give the patient morphine—a claim the anesthesiologist corroborated at the hearing. The arbitrator rejected this rendition of the sequence of events, finding that it conflicted with Tomasino's prior statements concerning the incident, and determined that Tomasino's decision to administer morphine was ratified by the anesthesiologist after the fact. The record reveals that morphine was an appropriate medication to provide to the patient, who suffered no harm as a result of Tomasino's action. In the order and award issued in December 1998, the arbitrator concluded that Tomasino dispensed morphine without a physician's prior order and failed to properly secure the morphine tubex, but did not purposely falsify records. Holding that respondent had just cause to suspend Tomasino but not to discharge her, respondent was directed to reinstate Tomasino without back pay or benefits, with the 2½ years she was out of service deemed an unpaid suspension. The arbitrator further reasoned that given Tomasino's long and distinguished employment at respondent, the lengthy suspension constituted sufficient and appropriate discipline.

When respondent refused to allow Tomasino to return to work, petitioners initiated this proceeding to confirm the

arbitration award. Respondent cross-petitioned seeking vacatur of the award on grounds that it was against public policy, irrational and in excess of the arbitrator's authority under the CBA. Supreme Court confirmed the arbitration award and directed Tomasino's immediate reinstatement, with her entitlement to back pay and benefits from the date her suspension ended to the date of reinstatement. Respondent now appeals and we affirm.

The role of the courts in addressing the disposition of disputes which have been submitted to binding arbitration pursuant to a collective bargaining agreement is limited (*see*, *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326), particularly "where, as here, the arbitrator resolves the entire dispute, as opposed to simply addressing one aspect of it" (*Matter of Troy Police Benevolent & Protective Assn. [City of Troy]*, 271 AD2d 926, 928). "Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, supra*, at 326).

While a court may vacate an award when it determines that it is in violation of a strong public policy, is irrational or exceeds a specific limitation on the arbitrator's power (*see*, *id.*, at 326; *Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907, 909), we find that none of these circumstances is applicable to this case. With respect to respondent's claim that the reinstatement of Tomasino violates public policy, we note that vacatur of the award on this ground would require a conclusion, without resort to " 'extended factfinding or legal analysis' " (*Matter of Cohoes Police Officers Union [Westfall—City of Cohoes]*, 263 AD2d 652, 654, quoting *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631), that the agreement to arbitrate or the award "contravenes a strong public policy, almost invariably involving an important constitutional or statutory duty or responsibility" (*Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.*, 45 NY2d 898, 899; *see*, *Matter of Troy Police Benevolent & Protective Assn. [City of Troy]*, *supra*, at 928). Under the particular circumstances of this case, we find that the arbitrator's imposition of a 2½-year suspension was not in contravention of public policy since respondent has not identified any statute or regulation which requires termination of employment rather than a lengthy suspension in connection with such conduct.

Similarly, we reject the claim of irrationality and observe, based on the arbitrator's detailed explanation, that the award

was reasonable. In light of the broad powers granted the arbitrator in the CBA* (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.], supra*) and the parties' explicit direction that the arbitrator determine the "remedy" due Tomasino if it found a lack of just cause for her dismissal (*see, Matter of State of New York [Div. for Youth] [Mays]*, 214 AD2d 869, 870-871 [having stipulated to the questions submitted, it "ill-befits" the employer to claim the arbitrator lacked authority to resolve them]), we conclude that the remedy of reinstatement without back pay and benefits was well within the arbitrator's authority.

Respondent's remaining contentions have been reviewed and are found to be without merit.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

 ---

* The CBA provided for a multistep grievance adjustment procedure, allowing arbitration of "every grievance" between the parties. According to the arbitration provision, once a dispute was submitted to arbitration, the decision was binding on the parties, with the arbitrator's powers limited only insofar as the agreement prohibited the addition to, subtraction from or amendment of the CBA. The CBA stated that "an employee may be demoted, suspended, otherwise disciplined or discharged only for just cause" but did not limit an arbitrator's ability to address penalties for misconduct.