◼ In the Matter of the Arbitration between MONROE COUNTY DEPUTY SHERIFFS' ASSOCIATION, INC., Respondent, and MONROE COUNTY et al., Appellants. [64 NYS3d 448]—

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered November 14, 2016 in a proceeding pursuant to CPLR article 75. The order granted the petition of petitioner-respondent to confirm an award rendered in a labor arbitration, and denied respondents-petitioners' cross petition to vacate that award.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to CPLR article 75, respondents-petitioners (respondents) appeal from an order that granted the petition to confirm the award rendered in a labor arbitration, and denied respondents' cross petition to vacate that award. The award directed respondents to provide qualified retirees and future retirees from the Monroe County Sheriff's Office with the same health insurance coverage (i.e., coverage for the dependent child of a retiree until the child reaches the age of 26 years) as they provided to active employees pursuant to the federal Affordable Care Act (*see* 42 USC § 300gg-14 [a]) and the collective bargaining agreement (CBA) between the parties.

We reject respondents' contention that the arbitrator exceeded his power in fashioning the award. It is well settled that an arbitrator exceeds his or her power within the meaning of CPLR 7511 (b) (1) (iii) where, inter alia, the arbitrator's award " 'clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]). "To exclude a substantive issue from arbitration . . . generally requires specific enumeration in the arbitration clause itself of the subjects intended to be put beyond the arbitrator's reach" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984], *rearg denied* 62 NY2d 803 [1984]; *see Matter of Communication Workers of Am., Local 1170 v Town of Greece*, 85 AD3d 1668, 1669 [4th Dept

2011], *lv denied* 18 NY3d 802 [2011]). Here, contrary to respondents' contention, we conclude that the arbitrator did not exceed a specifically enumerated limitation on his power.

We also reject respondents' contention that the arbitrator's award is irrational. "An arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached' " (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006], *cert dismissed* 548 US 940 [2006]; *see Matter of Rochester City School Dist. [Rochester Teachers Assn. NYSUT/AFT-AFL/CIO]*, 38 AD3d 1152, 1153 [4th Dept 2007], *lv denied* 9 NY3d 813 [2007]). Here, we conclude that the arbitrator's "interpretation of the [CBA], not being completely irrational, is beyond [our] review power" (*Matter of Lackawanna City School Dist. [Lackawanna Teachers Fedn.]*, 237 AD2d 945, 945 [4th Dept 1997]; *see Matter of Rochester City Sch. Dist.*, 38 AD3d at 1153). Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.