Matter of Lift Line, Inc. (Amalgamated Tr. Union, Local 282) (2018 NY Slip Op 05102)





Matter of Lift Line, Inc. (Amalgamated Tr. Union, Local 282)


2018 NY Slip Op 05102


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.


786 CA 18-00161

[*1]LIFT LINE, INC., PETITIONER-RESPONDENT, AND AMALGAMATED TRANSIT UNION, LOCAL 282, RESPONDENT-APPELLANT. 






BLITMAN & KING LLP, ROCHESTER (JULES L. SMITH OF COUNSEL), FOR RESPONDENT-APPELLANT. 
HARRIS BEACH PLLC, PITTSFORD (ROY R. GALEWSKI OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered May 3, 2017 in a proceeding pursuant to CPLR article 75. The order and judgment granted the petition to vacate in part an arbitration award, vacated such award in part, denied the application of respondent to confirm the award and reimposed the penalty of employment termination. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the petition is denied, the application is granted and the arbitration award is confirmed.
Memorandum: Respondent appeals from an order and judgment that granted the petition seeking partial vacatur of an arbitration award, vacated the award in part, denied respondent's application to confirm the award, and reimposed the original penalty of employment termination. The arbitrator determined that the grievant should be reinstated with back pay and benefits. We agree with respondent that Supreme Court erred in vacating the award in part, and we conclude that the arbitration award should be confirmed.
The terms of the collective bargaining agreement (CBA) provided that, if the discharge of an employee was found to be without "just cause," the record of the offense would be cleared from the employee's personnel file. The CBA also incorporated a memorandum of agreement with respect to employee attendance (attendance policy) that set forth an eight-step disciplinary process, including discharge of the employee at step eight. The attendance policy provided that an employee "who is tardy will progress one step in the attendance disciplinary process for each instance of tardiness," and would move back one step if he or she did not have "another incident of tardiness for six consecutive months after such discipline." The grievant here was late to work on seven occasions over the course of a little over one year and was thus at step seven at the time of the incident that led to her termination. In that incident, she was one minute late to work after her vehicle was stuck behind a disabled train at a rail crossing near her employer's facility. The arbitrator analyzed the just cause provision together with the attendance policy and concluded that petitioner's strict application of the attendance disciplinary process to terminate the grievant was "overly severe, especially with the absence of any evidence that efficiency or other difficulties were created by the [g]rievant's one-minute tardiness."
As relevant here, a court may vacate an arbitration award if it finds that the rights of a party were prejudiced when "an arbitrator . . . exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]). "Such an excess of power occurs only where the arbitrator's award [*2]violates strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90-91 [2010]). "[A]n arbitrator's rulings, unlike a trial court's, are largely unreviewable" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]). "An arbitrator's interpretation may even disregard the apparent, or even the plain, meaning of the words of the contract before him [or her] and still be impervious to challenge in the courts" (Matter of Albany County Sheriff's Local 775 of Council 82, AFSCME, AFL-CIO [County of Albany], 63 NY2d 654, 656 [1984] [internal quotation marks omitted]; see Matter of Silverman [Benmor Coats], 61 NY2d 299, 308 [1984], rearg denied 62 NY2d 803 [1984]).
We agree with respondent that the arbitrator's award was not irrational. An award is irrational "if there is no proof whatever to justify" it (Matter of Buffalo Council of Supervisors & Adm'rs, Local No. 10, Am. Fedn. of Sch. Adm'rs [Board of Educ. of City Sch. Dist. of Buffalo], 75 AD3d 1067, 1068 [4th Dept 2010] [internal quotation marks omitted]; see Matter of Peckerman v D & D Assoc., 165 AD2d 289, 296 [1st Dept 1991]), and "[a]n arbitration award must be upheld when the arbitrator offer[s] even a barely colorable justification for the outcome reached' " (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]; see Matter of Monroe County Deputy Sheriffs' Assn., Inc. [Monroe County], 155 AD3d 1616, 1617 [4th Dept 2017]). Here, there is a colorable justification for the arbitrator's determination. The attendance policy was a no-fault, straightforward progression of discipline that would be imposed for every incident of tardiness. Nevertheless, the CBA also had the "just cause" provision, and the arbitrator concluded that strict adherence to the attendance policy could be rejected in exceptional cases. In concluding that the grievant's termination was overly severe, the arbitrator relied on the fact that the grievant called in 10 minutes before her shift to say that she might be late due to the delay caused by the disabled train; another employee called in to report the same delay; the delay was unexpected and abnormal; the grievant was only one minute late; and no difficulties were created by the grievant's tardiness. The arbitrator made a rational interpretation of the just cause provision and the attendance policy (see generally Matter of Civil Serv. Empls. Assn. v Lombard, 50 AD2d 708, 709 [4th Dept 1975], affd 41 NY2d 915 [1977]; Matter of Town of Scriba [Teamsters Local 317], 129 AD3d 1596, 1597 [4th Dept 2015]). While "a different construction could have been accorded to the subject provision[s] of the [CBA], . . . it cannot be stated that the arbitrator gave a completely irrational construction to the provision in dispute and, in effect, exceeded [his] authority by making a new contract for the parties" (Matter of New York Finger Lakes Region Police Officers Local 195 of Council 82, AFSCME, AFL-CIO [City of Auburn], 103 AD3d 1237, 1237-1238 [4th Dept 2013] [internal quotation marks omitted]).
We also agree with respondent that the arbitrator did not exceed a specifically enumerated limitation on his power. The CBA provided that the arbitrator "shall have no power or authority to add to, subtract from, modify, change, or alter any provisions of this Agreement." Contrary to petitioner's contention, the arbitrator did not impose any new requirement upon petitioner before it could discipline its employees and thus did not add to or alter the CBA. As explained above, the arbitrator determined, under the specific facts of this case, that the penalty of termination could not be upheld. The arbitrator did not adopt any new rules that petitioner must follow in future disciplinary cases, and we therefore reject petitioner's slippery slope argument (see Matter of State of New York [Div. for Youth] [Mays], 214 AD2d 869, 870 [3d Dept 1995]). "The argument that the arbitrator exceeded a limitation in the collective bargaining agreement . . . is nothing more than a challenge to the substance of the arbitrator's contract interpretation, which . . . is foreclosed" (Albany County Sheriff's Local 775 of Council 82, AFSCME, AFL-CIO, 63 NY2d at 656).
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court