Matter of Buffalo Teachers Fedn., Inc. (Board of Educ. of City Sch. Dist. of City of Buffalo) (2020 NY Slip Op 04647)





Matter of Buffalo Teachers Fedn., Inc. (Board of Educ. of City Sch. Dist. of City of Buffalo)


2020 NY Slip Op 04647


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


245 CA 19-00464

[*1]IN THE MATTER OF ARBITRATION BETWEEN BUFFALO TEACHERS FEDERATION, INC., PETITIONER-APPELLANT, AND BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF BUFFALO AND CITY SCHOOL DISTRICT OF CITY OF BUFFALO, RESPONDENTS-RESPONDENTS.






CREIGHTON, JOHNSEN & GIROUX, BUFFALO (CATHERINE CREIGHTON OF COUNSEL), FOR PETITIONER-APPELLANT. 
NATHANIEL J. KUZMA, GENERAL COUNSEL, BUFFALO (SHAUNA L. STROM OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered February 26, 2019 in a proceeding pursuant to CPLR article 75. The order denied the petition seeking to vacate an arbitration award and granted respondents' request to confirm the arbitration award. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to CPLR article 75, petitioner appeals from an order denying its petition to vacate an arbitration award in favor of respondents and granting respondents' request to confirm the award. We affirm.
Petitioner filed grievances on behalf of two of its members who were passed over for transfers to City Honors School in favor of members with less seniority. The collective bargaining agreement (CBA) at issue provided that, in selecting teachers to be transferred within the school district, "[l]ength of teaching experience in the school system" is the controlling factor "where all other factors are substantially equal." The arbitrator assigned to the matter issued an opinion and award, which found no violation of the CBA and dismissed the grievances.
We reject petitioner's contention that the arbitrator exceeded his power in rendering the award. It is well settled that an arbitrator exceeds his or her power within the meaning of CPLR 7511 (b) (1) (iii) where, inter alia, the arbitration award " is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003], quoting Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn., 78 NY2d 33, 37 [1991]). "[A]n arbitrator's rulings, unlike a trial court's, are largely unreviewable" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]). "An arbitrator's interpretation may even disregard the apparent, or even the plain, meaning of the words of the contract before him [or her] and still be impervious to challenge in the courts" (Matter of Albany County Sheriff's Local 775 of Council 82, AFSCME, AFL-CIO [County of Albany], 63 NY2d 654, 656 [1984] [internal quotation marks omitted]; see Matter of Silverman [Benmor Coats], 61 NY2d 299, 308 [1984], rearg denied 62 NY2d 803 [1984]).
The arbitrator here determined that respondent City School District of the City of Buffalo did not violate the seniority provision of the CBA with respect to the grievants because "all other [*2]factors" were not "substantially equal." We conclude that, while "a different construction could have been accorded to the subject provision of the [CBA], . . . it cannot be stated that the arbitrator gave a completely irrational construction to the provision in dispute and, in effect, exceeded [his] authority by making a new contract for the parties" (Matter of New York Finger Lakes Region Police Officers Local 195 of Council 82, AFSCME, AFL-CIO [City of Auburn], 103 AD3d 1237, 1237-1238 [4th Dept 2013] [internal quotation marks omitted]).
We likewise reject petitioner's contention that the arbitrator's award is irrational. "An award is irrational if there is no proof whatever to justify the award" (Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1122 [4th Dept 2013], lv denied 21 NY3d 863 [2013] [internal quotation marks omitted]; see Matter of Lucas [City of Buffalo], 93 AD3d 1160, 1164 [4th Dept 2012]; Matter of Buffalo Council of Supervisors & Adm'rs, Local No. 10, Am. Fedn. of School Adm'rs [Board of Educ. of City School Dist. of Buffalo], 75 AD3d 1067, 1068 [4th Dept 2010]). "An arbitration award must be upheld when the arbitrator offer[s] even a barely colorable justification for the outcome reached' " (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]; see Matter of Monroe County Deputy Sheriffs' Assn., Inc. [Monroe County], 155 AD3d 1616, 1617 [4th Dept 2017], lv denied 31 NY3d 910 [2018]). Here, there is a colorable justification for the arbitrator's determination.
We have considered petitioner's remaining contentions and conclude that they are without merit.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court