Matter of Davis (State of New York Off. of Mental Health) (2025 NY Slip Op 03910)

Matter of Davis (State of New York Off. of Mental Health)

2025 NY Slip Op 03910

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, DELCONTE, AND HANNAH, JJ.

431 CA 24-00563

[*1]KRISTIN DAVIS, PETITIONER-RESPONDENT,
 AND
and
STATE OF NEW YORK OFFICE OF MENTAL HEALTH (BUFFALO PSYCHIATRIC CENTER), RESPONDENT-APPELLANT.

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT-APPELLANT. 
SANDERS & SANDERS, CHEEKTOWAGA (HARVEY P. SANDERS OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered March 8, 2024 in a CPLR article 75 proceeding. The order, insofar as appealed from, granted the petition, vacated an arbitration award, effectively denied respondent's application to confirm the award and directed, among other things, the reinstatement of petitioner's employment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the petition is denied, the application is granted, the arbitration award is confirmed, and the third through seventh ordering paragraphs are vacated.
Memorandum: In this CPLR article 75 proceeding to vacate an arbitration award, respondent appeals from an order insofar as it granted the petition seeking to vacate the award, effectively denied respondent's application to confirm the award, reinstated petitioner to her employment as a dental hygienist employed by respondent at Buffalo Psychiatric Center's dental clinic, and directed the parties to negotiate any questions of retroactive pay and benefits.
In 2021, consistent with respondent's obligation under 14 NYCRR part 557 to ensure that personnel be fully vaccinated against COVID-19, respondent directed petitioner to receive her full COVID-19 vaccine by a date certain and informed her that upon her failure to do so, or her failure to obtain a reasonable accommodation based on a documented pre-existing health condition, she would not be permitted to report to work (see 14 NYCRR 557.5 [a], [c], [e]). Petitioner's request for a reasonable accommodation due to a pre-existing health condition was denied by respondent, and she did not obtain a COVID-19 vaccine by the required deadline. Consequently, respondent suspended petitioner without pay and issued a Notice of Discipline in accordance with Article 33 of the collective bargaining agreement (CBA) with petitioner's union. Petitioner filed a disciplinary grievance and demanded arbitration.
In his arbitration award, the arbitrator concluded that his jurisdiction was limited to interpreting and applying the provisions in the CBA and, therefore, he lacked the authority to determine whether respondent should have granted petitioner a reasonable accommodation due to a pre-existing health condition, thereby obviating her need to get the COVID-19 vaccine under 14 NYCRR part 557. The arbitrator further concluded that respondent met its burden of establishing misconduct and that the misconduct prevented petitioner from performing her job duties. Thus, the arbitrator concluded that respondent had probable cause to suspend her and just cause to issue the Notice of Discipline and terminate her employment.
Petitioner commenced this CPLR article 75 proceeding seeking, inter alia, to vacate the arbitration award and, in its answer, respondent sought an order confirming the award (application). Supreme Court concluded that the arbitrator's award violated public policy, that it was irrational, and that vacatur was in the interest of justice inasmuch as the arbitrator did not consider whether petitioner was entitled to a reasonable accommodation that vitiated her obligation to obtain the COVID-19 vaccine and he ignored several trial court decisions concluding that similar vaccine mandates were null and void. Thus, the court, inter alia, granted the petition, effectively denied the application, vacated the arbitration award, ordered that petitioner be reinstated and that her employment record be amended, and ordered that the parties negotiate any questions of retroactive pay and benefits. We reverse the order insofar as appealed from.
A court's authority to vacate an arbitrator's award is limited to the grounds set forth in CPLR 7511 (b), which permits vacatur of an award where the arbitrator, as relevant here, "exceed[s] [their] power" (CPLR 7511 [b] [1] [iii]) by issuing an " 'award [that] violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010], quoting Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]). Where, as here, the parties agree to submit their dispute to an arbitrator pursuant to a collective bargaining agreement, "[c]ourts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]). "The party seeking to vacate an arbitration award thus bears a heavy burden to establish that the arbitrator exceeded their power" (Matter of Buffalo Teachers' Fedn. [Board of Educ. of Buffalo City Sch. Dist.], 227 AD3d 1435, 1436 [4th Dept 2024]).
We agree with respondent that the court "erred in vacating the award on the ground that it was against public policy because petitioner[] failed to meet [her] heavy burden to establish that the award in this employer-employee dispute violated public policy" (Matter of Spence [State Univ. of N.Y.], 230 AD3d 1559, 1561 [4th Dept 2024], lv denied 43 NY3d 905 [2025]; see Matter of Cooper [Roswell Park Comprehensive Cancer Ctr.], 237 AD3d 1500, 1502 [4th Dept 2025]; Matter of Rochester City School Dist. [Rochester Assn. of Paraprofessionals], 34 AD3d 1351, 1351-1352 [4th Dept 2006], lv denied 8 NY3d 807 [2007]). We further agree with respondent that the court "erred in vacating the award on the ground that it was irrational" (Spence, 230 AD3d at 1561). " 'An award is irrational if there is no proof whatever to justify the award' " (Buffalo Teachers' Fedn., 227 AD3d at 1437). Where, however, "an arbitrator 'offer[s] even a barely colorable justification for the outcome reached,' the arbitration award must be upheld" (Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1122 [4th Dept 2013], lv denied 21 NY3d 863 [2013]). Here, there is no dispute that respondent directed petitioner to fully receive the COVID-19 vaccine by a specific date, that it apprised her that her continued employment was contingent upon her compliance, and that petitioner refused to be vaccinated by the required date. It is also undisputed that petitioner was never granted a reasonable accommodation that excused her compliance with the vaccine mandate. Consequently, the court erred in concluding that the arbitrator's award was irrational (see Cooper, 237 AD3d at 1502; Spence, 230 AD3d at 1561-1562). To the extent petitioner argues that the arbitrator erred in not considering the propriety of respondent's denial of petitioner's request for a reasonable accommodation based on a pre-existing health condition, we note that the arbitrator interpreted the CBA as precluding any review of that decision. Inasmuch as we conclude that "the arbitrator's 'interpretation of the [CBA] [is] not . . . completely irrational, [it] is beyond [our] review power' " (Matter of Monroe County Deputy Sheriffs' Assn., Inc. [Monroe County], 155 AD3d 1616, 1617 [4th Dept 2017], lv denied 31 NY3d 910 [2018]). Finally, we note that the court was not permitted to vacate the award merely because it believed vacatur would better serve the interest of justice (see generally New York State Correctional Officers & Police Benevolent Assn., 94 NY2d at 326).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court